UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY ALFRED, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-07-3151 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Plaintiff Dorothy Alfred seeks review of the denial of her request for disability insurance benefits under Titles II and XVI of the Social Security Act.[1]  The parties have filed motions for summary judgment (Dkts. 14, 15).  Having considered the parties' submissions, the record, and the law, the court denies Alfred's motion and grants the Commissioner's motion.

## Background

Alfred filed applications for disability insurance benefits and supplemental security income on October 1, 2003 alleging disability beginning on July 14, 2003.  Her applications were initially denied and she requested a hearing.  An administrative law judge (ALJ) conducted a hearing on May 3, 2006, at which Alfred, her fiancé, an impartial medical expert, and an impartial vocational expert testified.  At the time of the hearing, Alfred was

---

[1]    The parties have consented to the jurisdiction of this magistrate judge for all purposes, including final judgment (Dkt. 13).

46 years old.  She has two years of college education and past relevant work as a secretary

and administrative assistant.

On June 16, 2006, the ALJ issued a decision finding Alfred was not disabled through

the date of the decision.[2]  The Appeals Council denied Alfred's request for review, making

the ALJ's decision the Agency's final decision in this matter.  This appeal followed.

**Analysis**

        **A.**      **Standard of Review**

Section 405(g) of the Social Security Act sets forth the standard of review in this case.

The federal courts review the decision of the Commissioner to deny Social Security benefits

to determine whether (1) the Commissioner applied the proper legal standard and (2) the

Commissioner's decision is supported by substantial evidence.  *Waters v. Barnhart*, 276 F.3d

716, 718 (5th Cir. 2002); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

Substantial evidence is "more than a scintilla and less than a preponderance."  *Masterson*,

309 F.3d at 272;  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  The court does not

reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the

Commissioner.  *Masterson*, 309 F.3d at 272.  "Conflicts in the evidence are for the

[Commissioner] and not the courts to resolve."  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th

Cir. 1990).

---

[2]      Alfred's date last insured for purposes of disability insurance benefits was December 31,
2008.

In order to qualify for disability benefits, a plaintiff must prove he has a disability, which is defined under the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423 (d)(1)(A) and 1382c(a)(3)(A); *Masterson*, 309 F.3d at 271.  The administrative law judge must follow a five-step sequential analysis to determine whether a plaintiff is in fact disabled:

1.  Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

2.  Does the claimant have a severe impairment? If the answer is yes,  the inquiry proceeds to question 3.

3.  Does the severe impairment equal one of the listings in the regulation known as Appendix 1?   If so, the claimant is disabled.   If not, then the inquiry proceeds to question 4.

4.  Can claimant still perform his past relevant work?  If so, the claimant is not disabled.  If not, then the agency must assess the claimant's residual functional capacity.

5.  Considering the claimant's residual functional capacity, age, education, and work experience, is there other work claimant can do?  If so, claimant is not disabled.

20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.  At step five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991).

**B.      Challenges to the ALJ's Decision**

The ALJ determined that Alfred had not engaged in substantial gainful activity since

the alleged onset date of disability.  He found her to have the medically determinable severe

impairments of depression, anxiety, cervical and lumbar spine pain, chronic fatigue

syndrome, and fibromyalgia.  The ALJ found that none of Alfred's impairments met a Listing

in 20 C.F.R. Part 404, Subpart P, Appendix 1.  He further found that she could not perform

her past relevant work as a secretary or administrative assistant, but retained the residual

functional capacity to perform a full range of unskilled sedentary work.[3]  Based on the

testimony of the vocational expert, the ALJ concluded that Alfred is capable of making a

successful adjustment to other work that exists in significant numbers in the national

economy, and thus found her "not disabled."

Alfred argues that the ALJ erred in determining her RFC.  Specifically, she contends

that he failed to give due consideration to all of her limitations from fibromyalgia and chronic

---

[3]      The ALJ found:

> . . . the claimant has the residual functional capacity to sit six hours and stand and/or
> walk two hours in an eight-hour workday.  The claimant can lift ten pounds
> frequently and twenty pounds occasionally.  She can occasionally balance, stoop,
> kneel, and crouch.  She can never crawl or climb ropes, ladders, or scaffolds.  She
> cannot perform work at unprotected heights or around moving or dangerous
> machinery.  Also, she cannot perform job tasks that require more than limited contact
> with the public or more than minimal stress, defined as non-assembly-line pace to the
> work.  Additionally, she is limited to simple procedures, that are routine and
> repetitive, without frequent changes in duties.

> Tr. at 22.

fatigue syndrome, and failed to give specific examples of jobs she could perform and the incidence of such work in the region.

Alfred argues that the nature of these impairments is such that there is no definitive diagnostic test, but diagnosis is based on a complex of symptoms and signs that are recognized by physicians familiar with the conditions. Alfred's argument does not indicate any error in the ALJ's RFC determination. The ALJ found that Alfred suffered from fibromyalgia and chronic fatigue syndrome. However, the ALJ found Alfred's "statements concerning the intensity, duration, and limiting effects" of her symptoms from these impairments were not entirely credible." As noted by the medical expert, the evidence of record consists only of subjective complaints by Alfred that are not verified or corroborated by objective evidence or testing. Alfred's subjective complaints of pain were not discounted entirely and were the basis for the medical expert's opinion that Alfred's ability to stand was limited in duration.[4] Significantly, no doctor has imposed limitations on Alfred's activities.

A plaintiff's subjective symptoms must correlate to some objective medical evidence. *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995). The ALJ is obligated to consider a claimant's subjective complaints of pain, "but it is within his discretion to determine the pain's disabling nature." *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). The ALJ's RFC assessment is based on his consideration of all medically determinable impairments and limitations supported by the credible evidence.

---

[4]      Tr. at 544.

Alfred also asserts that the ALJ failed to consider the limitation that her impairments require her to miss work for medical appointments.  The ALJ noted in his opinion that Alfred has not sought emergency room treatment on frequent basis and has not been hospitalized for any duration for any condition since her alleged onset date.[5]  Alfred testified that she had monthly appointments with her psychiatrist[6] and with a pain management doctor, and has physical therapy sessions twice a week.[7]  However, this frequency of treatment is not supported by her medical records  .

In sum, the ALJ properly considered all symptoms and the extent to which these symptoms were consistent with the objective medical evidence, as Agency regulations require.  *See, e.g.,* 20 CFR 404.1529, 416.929; SSR 96-4p, 96-7p.  The ALJ also properly considered opinion evidence in accordance with applicable regulations.  *See, e.g.,* 20 CFR 404.1527, 416.927; SSR 96-2p, 96-5p, 96-6p.  The court finds no error in the ALJ's assessment of Alfred's residual functional capacity.

Finally, the record does not support Alfred's charge that the ALJ failed at step five of the sequential analysis to give specific examples of jobs in the region she could perform.  The ALJ specifically found, based on the testimony of a vocational expert, that Alfred "would be able to perform the requirements of the full range of unskilled sedentary work, of which

---

[5]    Tr. at 25.

[6]    Alfred's psychiatrist, Dr. Root, declined to certify her as disabled. Tr. at 468.

[7]    Tr. at 530.

representative occupations such as final assembler, of which 500-1000 jobs exist in the region and 100,000 in the nation; lens inserted, of which 500-1000 jobs exist in the region and 100,000 in the nation; and order clerk, of which 500-1000 jobs exist in the region and 100,000 in the nation."[8]   This is more than adequate to justify the ALJ's step five conclusion.

**Conclusion**

The ALJ's decision is based on relevant legal standards and is supported by substantial evidence in the record.  Alfred's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted.

The court will issue a separate final judgment.

Signed at Houston, Texas on September 10, 2008.

Stephen Wm Smith
United States Magistrate Judge

---

[8]     Tr. at 26.